## L. WEINBERG BAKING CO. v. LOCKWOOD MFG. CO.

### No. 8046.

Circuit Court of Appeals, Sixth Circuit.

Feb. 6, 1940.

E. C. Gritzbaugh, of Chicago, Ill. (Allen & Allen, of Cincinnati, Ohio, and Arthur W. Carlson and Max W. Zabel, both of Chicago, Ill., on the brief), for appellant.

Walter F. Murray, of Cincinnati, Ohio (Murray, Sackhoff & Paddack and Walter F. Murray, all of Cincinnati, Ohio, on the brief), for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

The sole issue presented in this appeal is whether Claim 1 of Patent No. 1,443,095, issued to Schultz on January 23, 1923, and now owned by appellee, is valid. The District Court held the claim valid and infringed. Other claims of Schultz and the Goodfriend Patent, No. 1,336,292, sued upon below, were held not infringed, and are not involved herein. Appellant concedes infringement if Claim 1 is valid.

The patent is for a multiple baking pan. Claim 1 reads as follows:

"In a multiple baking pan the combination of a frame comprising protector plates, end bars mounted on and spacing the protector plates, side bars mounted on the end bars providing a series of openings between the protector plates, and a pan extending through each opening between the protector plates, the pans having their upper edges secured upon the protector plates, the end bars and the side bars, whereby the pans are rigidly mounted upon and spaced by the frame, and the protector plates extend over the outer sides of the endmost pans."

The drawings show three pans mounted side by side in a rigid metal frame, consisting of side bars, called crossbars, end bars and protector plates. The protector plates are the heavy metal sides of the frame, which prevent the pans from being dented or punctured. The slotted crossbars extend between the end bars of the frame, supporting the center pan and inside edges of the other two pans and providing a ventilating space between adjacent pans. The pans are fastened to the frame by bending or curling the unfinished edges of the pans around the protector plates and end bars, and into the slots in the crossbars.

The principal object of Schultz was to provide for reenforcement of a plurality of baking pans assembled in a unit, for use in a commercial bakery, so that they could withstand the rough usage to which they are subjected, such as that arising from the impact of the baker's peel, or shovel, in moving the pans in the oven.

Protector plates, end bars and side bars in baking pans are all old. The use of protector plates for the end pans and connecting a series of pans together in a unit is old in the art. Cf. Thien, Reissue Patent No. 13,327 (1911); Leaman, Reissue Patent No. 13,516 (1913); Lockwood, No. 1,047,256 (1912); Thien and Guenther, No. 1,069,204 (1913); Lockwood, No. 1,149,928 (1915); Haigh, No. 1,262,481 (1918). Thien and Guenther, Lockwood, No. 1,069,204, and Haigh, which were not cited by the Patent Office during the prosecution of the patent application, exhibit the principal features of the Schultz device. There is no novelty in providing for the ventilating space between adjacent pans, for all of the above cited patents possess that feature. The feature of having the pan edges fasten over the protector plate is disclosed in Thien and Guenther.

Appellee urges that Thien and Guenther, and Lockwood, No. 1,047,256, are inapplicable because they employ rivets to affix the pans to the frame or protector plate; but the claim in suit does not prohibit the use of rivets, and in Haigh's device the upper edges of the pan are fastened without rivets. Neither does invention reside in using the obvious expedient of curling the edge of the pan over the protector plate in order to dispense with the rivets. It is immaterial that certain of the prior art patents disclose a wire-reenforced edge instead of the structure of Schultz, for increasing the strength of the structure by this well-known method does not constitute invention.

We conclude that the claim is anticipated, and hence invalid for want of patentable novelty. In addition the Schultz patent presents merely the application of obvious mechanical expedients, and is invalid for lack of invention.

The decree is reversed and the case is remanded to the District Court with instructions to dismiss the bill.